F I L E D
United States Court of Appeals
Tenth Circuit

DEC 16 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROOSEVELT BROWN,

        Petitioner-Appellant,

v.

ROBERT D. HANNIGAN and
ATTORNEY GENERAL OF
KANSAS,

        Respondents-Appellees.

No. 98-3043
(D.C. No. 96-CV-3267)
(D. Kan.)

ORDER AND JUDGMENT *

Before **BALDOCK, EBEL,** and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Roosevelt Brown, appearing pro se, seeks a certificate of appealability in order to appeal the district court's denial of his writ of habeas corpus under 28 U.S.C. § 2254. See 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal can be taken from the denial of a § 2254 habeas petition unless the petitioner first obtains a certificate of appealability).

Petitioner was convicted in Kansas in 1993 for criminal trespass, aggravated kidnaping and rape. On direct appeal, petitioner's criminal trespass conviction was reversed, but his kidnaping and rape convictions were affirmed. The Kansas Supreme Court denied review, after which petitioner filed this § 2254 petition. His petition claims that he was denied due process when the trial court allowed the jury to hear a partial rereading of petitioner's and the victim's testimony. Petitioner argues the rereading of testimony was not responsive to the jury's request. Petitioner also claims that he was denied due process when the trial court admitted evidence of a love letter he wrote to the victim while he was awaiting trial. He claims that the letter was irrelevant and was improperly introduced to show that he was trying to manipulate the victim.

The district court denied the petition, finding that the alleged errors did not have a substantial and injurious effect on the jury's verdict. In a subsequent order, the district court denied petitioner's request for a certificate of appealability.

Whether testimony of a witness shall be reread to a jury during the course of its deliberations is a matter lying within the sound discretion of the trial court. See United States v. Brunetti, 615 F.2d 899, 902 (10th Cir.1980). While we have recognized that rereading of witness testimony to the jury during deliberations is disfavored because of the potential that the jury might unduly emphasize that evidence, see United States v. Keys, 899 F.2d 983, 988 (10th Cir. 1990), we find no abuse in the trial judge's exercise of its discretion and we agree with the district court that the alleged error did not have a substantial and injurious effect or influence in determining the jury's verdict. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993). We also agree with the district court that the admission of the love letter did not have a substantial and injurious effect on the jury's verdict.

Upon careful review of the record, we conclude that the district court's order denying petitioner's habeas corpus petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. See Gallagher v. Hannigan, 24 F.3d 68, 68 (10th Cir. 1994) (discussing how to make substantial showing of denial of constitutional right). Thus, we find that petitioner has not made a substantial showing of the denial of a constitutional right and that the district court properly denied petitioner's application for a certificate of appealability. Accordingly, we DENY petitioner's

-3-

request for a certificate of appealability and DISMISS the appeal.  The mandate
shall issue forthwith.

Entered for the Court


David M. Ebel
Circuit Judge